GEORGE FITZGERALD, APPELLANT, v. WILLIAM UR-
TON et al. RESPONDENTS.†

NUISANCE, JURISDICTION OF DISTRICT COURT.—Under the Constitution, the District
    Courts of the State have jurisdiction in cases of nuisance. The grant, by the
    Legislature, of jurisdiction in such cases, to the County Courts, cannot take
    away the jurisdiction given to the District Courts by the Constitution.

APPEAL from the Ninth Judicial District.

This was a proceeding instituted by the plaintiff Fitzger-
ald, in the Ninth Judicial District Court, against the defend-
ants, Urton et al. to abate a nuisance, laying his
damages at $250, *and praying for a perpetual in-    [236]
junction against them in the commission of the same.
A preliminary injunction was granted by the Court, June
1st, 1854, under the following circumstances:

The plaintiff, in his complaint, alleged that he was the
owner of a lot in the town of Bidwell, Butte County, meas-
uring 75 by 80 feet, inclosed by a fence; that he had been in
the quiet and peaceable possession of the same for more
than two years; that he was engaged in the hotel or tavern
business, and that the lot did not contain more ground than
was necessary for the prosecution of his business; that be-
ing such owner, and whilst in the peaceable possession of
the lot, the defendants, on or about May 1st, 1854, entered
upon the same and commenced digging a ditch twenty feet
wide, and fifteen to twenty feet deep, and had thereby un-
dermined one of the plaintiff's outhouses, and torn down and
destroyed a portion of his inclosure, and were proceeding
near, and directly for his dwelling house or hotel, "thereby
injuring and destroying plaintiff's property and premises as
aforesaid, by removing the foundation of the same, and en-
dangering their stability, and obstructing the free use of the
same and their enjoyment."

The complaint also alleged that the continuance of the
excavation by the defendants, would render the plaintiff's

hotel valueless, and unsafe as a habitation, and compel him to evacuate his premises with his family, leaving him and them without a house or shelter; that the defendants persisted in trespassing, although warned off and forbidden by the plaintiff, and declared that it was their intention to dig up and remove the ground, particularly that part on which the hotel was situated. It further alleged that the injuries which the defendants *threatened and declared* that they would commit, would be irreparable, *as they could not respond to the plaintiff in damages,* laying those already committed at $250, and praying judgment for that amount, and also for an abatement of the nuisance, for a perpetual injunction, etc.

In the complaint, the trespasses committed by the defendants were designated as a *private nuisance.* To this complaint the defendants demurred, as follows:

[237]      * "That the plaintiff ought not further to maintain his said action, in this: The complaint of the plaintiff herein filed, shows unto this Court an action of *private nuisance,* with a prayer for an injunction, forbidding the continuing the said nuisance; and a further prayer for its *abatement, of which action of private nuisance this Court has no jurisdiction.* Wherefore defendants pray that the said injunction may be dissolved, and defendants dismissed, with proper costs."

The Court, after argument, sustained the demurrer, *and adjudged that it had no jurisdiction of the cause of action,* and ordered that the suit be dismissed, with costs.

After this judgment, on the same day, plaintiff moved to reinstate the cause, and for leave to waive so much of the prayer of the complaint as asked for the *abatement of the nuisance,* and to amend his complaint, which motion was refused, and the plaintiff excepted to the decision of the Court.

From this judgment and decision of the Court, on the motion to amend, the plaintiff appealed.

*Stephen J. Field* and *Lewis,* for Appellant.

1. It is immaterial whether the matters set forth in the

complaint constitute a *private nuisance* or not.   If they do, the District Court had jurisdiction, especially as damages are alleged to the amount of $250, for which, among other things, judgment is prayed.   ( Practice Act, § 249.)

2.   But they do not.   They are *trespassers*, working irreparable injury, for which the plaintiff is entitled to an injunction, as the defendants are irresponsible, as well as a judgment for the damages already sustained.   Calling the acts a *private nuisance* cannot make them so, nor affect the question of jurisdiction on the real subject matter of the action.   The designation may be rejected as surplusage. The Court erred, therefore, in sustaining the demurrer.

3.   If the words "private nuisance," in the complaint, were at all material, after the demurrer had been sustained, the Court should have allowed the plaintiff to amend.   It erred in refusing leave.

*Sexton & Baker*, for Respondents.

* No brief on file for Respondents.               [238]

Mr. Justice HEYDENFELDT delivered the opinion of the Court.   Mr. Ch. J. MURRAY concurred.

We can see no reason why the District Court denied its jurisdiction.   It has been suggested that the reason may have been, because the Act, etc., gives jurisdiction of cases of nuisance to the County Court; but surely this cannot avail to take away the jurisdiction given to the District Court by the Constitution.

The judgment is reversed and the cause remanded.